**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4776**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON SOLOMON,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, District Judge. (2:16-cr-00100-1)

Submitted: August 14, 2017                    Decided: October 13, 2017

Before AGEE and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christian M. Capece, Federal Public Defender, George H. Lancaster, Jr., Assistant Federal Public Defender, Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Carol A. Casto, United States Attorney, C. Haley Bunn, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Solomon pled guilty, without the benefit of a plea agreement, to escape, in violation of 18 U.S.C. § 751(a) (2012), and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) (2012). The district court imposed a sentence of 36 months' imprisonment, and Solomon appeals, arguing that the sentence is procedurally and substantively unreasonable. We affirm.

We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This entails review of the procedural and substantive reasonableness of the sentence. *Id.* at 51. "Procedural errors include . . . 'improperly calculating[] the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the [Sentencing] Guidelines range.'" *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 51). Only if the sentence is free of "significant procedural error" do we review the substantive reasonableness of the sentence, accounting for "the totality of the circumstances." *Gall*, 552 U.S. at 51. Although an above-Guidelines sentence carries no presumption of reasonableness, "a sentence outside the Guidelines carries no presumption of unreasonableness." *Irizarry v. United States*, 553 U.S. 708, 714 (2008).

As to the procedural reasonableness of the sentence, Solomon argues that the district court erred in failing to give him an opportunity to address issues specifically relating to an upward variance from the Guidelines recommendation before the district

court actually imposed that variance. We conclude, however, that the district court followed the mandate of Fed. R. Crim. P. 32(i)(1)(C): prior to imposing sentence, the court allowed Solomon and his counsel to argue for an appropriate sentence in light of the § 3553(a) factors and to fully explain why they felt an 18-month sentence was appropriate. The reasons that the court provided for imposing a variant sentence—the seriousness of the offense, Solomon's criminal history, and a need for deterrence—could not have been a surprise to counsel. *See Irizarry*, 553 U.S. at 715–16. Solomon has not identified any actual harm relating to the manner in which the court imposed sentence or what argument he may have made against a variance if he had been given advance notice. To the contrary, counsel objected after the sentence was imposed but did not mention any facts or factors that he had not previously raised.

We also conclude that the sentence imposed is substantively reasonable. The district court discussed its concern with the specific impact of heroin distribution in this case and emphasized the severity of social issues relating to the distribution and use of heroin. The court also discussed at length its concern with Solomon's criminal history, recidivism, violation of supervised release, and escape from federal custody. This supports the court's view that promoting respect for the law and deterring future misconduct were of paramount importance. Consequently, we cannot conclude that the sentence imposed is an abuse of discretion.

3

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*